**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Jul 02 2013, 8:51 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**RUTH JOHNSON**
**VICTORIA L. BAILEY**
Marion County Public Defender Agency
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DARRYL CRENSHAW and KRISEAN PORTER, | ) | |
| Appellants-Petitioners, | ) | |
| vs. | ) | No. 49A02-1210-CR-859 |
| STATE OF INDIANA, | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kimberly Brown, Judge
Cause Nos. 49G16-1001-CM-571, 49G16-1108-FD-56021

July 2, 2013

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

In this consolidated appeal, Darryl Crenshaw and Krisean Porter (together "Petitioners") appeal the trial court's denial of their petitions for restricted disclosure of arrest records, arguing it was error for the trial court to summarily deny the petitions without first making a specific finding that the petitions were insufficient. We affirm.

After pending criminal charges against each of the Petitioners were dismissed on the State's motion, Petitioners each timely filed a verified petition for restricted disclosure of arrest records pursuant to Indiana Code section 35-38-5-5.5.[1] Subsection (e) of that statute requires a petitioner to serve a copy of the petition on the prosecuting attorney and the state central repository for records. Ind. Code § 35-38-5-5.5(e). The prosecuting attorney is permitted to file an opposition to the petition, but is not required to do so. Ind. Code § 35-38-5-5.5(f). There are three actions that a trial court may take on a petition; it may: (1) summarily grant the petition; (2) set it for hearing, or (3) summarily deny the petition if it determines that either (a) the petition is insufficient, or (b) based on documentary evidence submitted by the prosecuting attorney, the petitioner is not entitled to relief. Ind. Code § 35-38-5-5.5(f)(3).

Here, Petitioners concede that they did not serve their respective petitions on the state central repository for records as required by subsection (e). *Appellants' Br.* at 7. Consequently, their petitions failed to comply with Indiana Code section 35-38-5-5.5(e). We reject Petitioners' claim that Indiana Code section 35-38-5-5.5 requires a trial court to make a

---

[1] We note this statute has been repealed by Public Law 159-2013 effective July 1, 2013; however, as the trial court's summary denial of the petitions occurred on October 1, 2012, such legislative action has no effect on the outcome of this case.

separate, express finding that a petition is insufficient before it may summarily dismiss it.

Petitioners failed to serve the necessary parties, their petitions were thus insufficient, and the

trial court was within its authority to summarily deny them.

Affirmed.[2]

VAIDIK, J., and PYLE, J., concur.

---

[2] The State of Indiana through the Office of the Attorney General filed a motion to dismiss Petitioners' appeal for failure to effectuate proper service, not only on the State Police central repository pursuant to Indiana Code section 35-38-5-5.5(e), but also the Attorney General's office pursuant to Indiana Trial Rule 4.6(A)(3), which requires the Attorney General's office to be served when a state agency, such as the State Police, is served. In light of our decision today affirming the trial court's summary denial of the petitions, we do not separately address the State's motion.